# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **Proven Networks, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | NO. 2:20-cv-00074-JRG |
| | § | |
| **Cisco Systems, Inc.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

# CISCO SYSTEMS INC'S CORRECTED MOTION TO TRANSFER VENUE

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1
II. BACKGROUND ................................................................................................................... 1
    A. Procedural History ................................................................................................... 1
    B. Proven Networks Is in California ............................................................................ 2
    C. Cisco Is in California, Where the Accused Technologies Were Developed .......... 3
    D. Third Party Witnesses Are in California, Not Texas .............................................. 5
III. LEGAL STANDARD............................................................................................................ 6
IV. ARGUMENT ........................................................................................................................ 8
    A. Convenience of the Parties and Witnesses and the Interests of Justice Compel Transfer of This Case to the Northern District of California .................... 8
        1. Proven Could Have Filed This Case in the Northern District of California ................................................................................................... 8
        2. The Private-Interest Factors Heavily Favor Transfer to the Northern District of California...................................................................... 8
            a. The sources of proof are in California .......................................... 8
            b. No compulsory process exists over relevant third-party witnesses in this District ................................................................ 9
            c. Costs and burdens for willing witnesses are significantly less in California than this District................................................ 10
            d. Other practical concerns favor transfer to California .................. 11
        3. The Public-Interest Factors Favor Transfer to the Northern District of California ................................................................................ 13
            a. California has a strong local interest in this case ........................ 13
            b. The remaining public interest factors are neutral ........................ 14
V. CONCLUSION.................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Am. Traffic Sols., Inc. v. B&W Sensors LLC*,
  No. 1:12-CV-504, 2013 WL 12138770 (E.D. Tex. Jan. 14, 2013) .........................................12

*Creswell Holdings LLC v. Lenovo (U.S.) Inc.*,
  No. 4:15-CV-407, 2016 WL 615652 (E.D. Tex. Feb. 16, 2016).............................................13

*Deep Green Wireless LLC. v. Ooma, Inc.*,
  No. 2:16-CV-0604-JRG-RSP, 2017 WL 679643 (E.D. Tex. Feb. 21, 2017) ..........................10

*E-Sys. Design, Inc. v. Mentor Graphics Corp.*,
  No. 4:17-CV-00682, 2018 WL 2463795 (E.D. Tex. June 1, 2018) ........................................13

*Godo Kaisha IP Bridge 1 v. Intel Corp.*,
  Case No. 2:17-cv-00676-RWS (E.D. Tex. Sept. 28, 2018), ECF No. 157 ................................3

*Godo Kaisha IP Bridge 1 v. Xilinx, Inc.*,
  No. 2:17-CV-00100-JRG-RSP, 2017 WL 4076052 (E.D. Tex. Sept. 14, 2017)...................8, 9

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947)................................................................................................................14

*In re EMC Corp., Decho Corp. and Iomega Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012)................................................................................................7

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..............................................................................................10

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009).......................................................................................13, 14

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009)....................................................................................7, 8, 13

*In re TS Tech. USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)...........................................................................................9, 11

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) .....................................................................................7, 11, 13

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) .....................................................................................7, 10, 11

## TABLE OF AUTHORITIES
(continued)

Page

*In re Zimmer Holdings, Inc.*,
   609 F. 3d 1378 (Fed. Cir. 2010) ................................................................................... 12

*Network-1 Sec. Solutions, Inc. v. D-Link Corp.*,
   433 F. Supp. 2d 795 (E.D. Tex. 2006) .......................................................................... 10

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
   No. 6:09-CV-390, 2010 WL 3855520 (E.D. Tex. Sept. 30, 2010) ................................ 9

*Optimum Power Solutions LLC v. Apple, Inc.*,
   794 F. Supp. 2d 696 (E.D. Tex. 2011) ........................................................................... 7

*Oyster Optics, LLC v. Coriant Am. Inc.*,
   No. 2:16-CV-1302, 2017 WL 4225202 (E.D. Tex. Sept. 22, 2017) ............................ 12

*Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*,
   No. 2:10-cv-109-TJW, 2011 WL 13224919 (E.D. Tex. Jan. 12, 2011) ...................... 11

*Proven Networks, LLC v. Hewlett Packard Enter. Co.*,
   No. 20-cv-00096-JRG (E.D. Tex. June 30, 2020), ECF No. 24 .................................. 12

*Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*,
   No. 2:09-cv-200-TJW, 2011 WL 2937365 (E.D. Tex. July 19, 2011) ................. 14, 15

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
   No. 2:10-cv-364, 2012 WL 506669 (E.D. Tex. Feb. 15, 2012) .................................. 13

**STATUTES**

28 U.S.C. § 1331 ................................................................................................................... 8

28 U.S.C. §1400 .................................................................................................................... 3

28 U.S.C. § 1404 ............................................................................................................ passim

I.   **INTRODUCTION**

This lawsuit has no tie to the Eastern District of Texas.  Defendant Cisco Systems, Inc. ("Cisco") developed accused technologies at its corporate headquarters in San Jose, California, and Cisco employees knowledgeable about the structure, function, design, development, manufacture, operation, sales, or marketing of that technology live and work in Northern California.  Plaintiff Proven Networks, LLC ("Proven")—whose members are attorneys from Russ, August & Kabat, who represent Proven here—are all based in Los Angeles, California.  Furthermore, the overwhelming majority of third-party witnesses Cisco has identified are located in Northern California, outside of the subpoena power of Eastern Texas.  These include inventors and authors of prior art, including former Cisco employees.  Simply put, apart from Plaintiff's passing mention of Cisco's satellite office in Richardson, Texas—which bears no connection to the accused products and has no relevant Cisco witnesses—Proven's Complaint identifies no connection to the Eastern District of Texas.

With ten cases pending across three districts involving overlapping patents, the Court and the parties could conserve resources by reducing the number of venues deciding the same issues concurrently.  With two cases already pending in the Northern District of California, which is the location of Cisco's headquarters, California has a strong local interest in overseeing this case.  The private and public interest factors dictate that this case should be transferred to the Northern District of California under 28 U.S.C. § 1404 (a).

II.  **BACKGROUND**

A.   **Procedural History.**

On March 6, 2020, Proven filed a Complaint asserting that Cisco infringes five patents: US Patent Nos. 8,018,852 ("'852 Patent"); 8,165,024 ("'024 Patent"); 7,508,757 ("'757 Patent"); and 7,450,507 ("'507 Patent").  Dkt. 1.  One week later, Proven amended its Complaint and

withdrew three of the asserted patents, maintaining suit on only the '024 patent and adding an additional claim on US Pat. No. 8,812,454 ("'454 patent") (together, the "Asserted Patents"). Dkt. 5. Proven asserts that Cisco's IOS operating system and devices running IOS infringe the '204 patent, and that the Cisco Videoscape Distribution Suite Internet Streamer ("VDS-IS") and Content Delivery Engines running VDS-IS infringe the '454 patent. Dkt. 5 at ¶¶ 13, 21.

After suing Cisco in the Eastern District of Texas, Proven filed eight additional cases involving these patents against Dell Technologies, Inc., Dell Inc., and EMC Corp. in the Western District of Texas on March 19, 2020 (Case No. 6:20-cv-00202); Extreme Networks, Inc. ("Extreme") in the Northern District of California on March 24, 2020 (Case no. 3:20-cv-02067); Amazon.com, Inc. and Amazon Web Services, Inc. in the Western District of Texas on April 1, 2020 (Case No. 1-20-cv-00498); Hewlett Packard Enterprise, Co. ("HPE") and Aruba Networks, Inc. ("Aruba") in the Eastern District of Texas on April 3, 2020 (Case No. 2-20-cv-00095); Arista Networks, Inc. in the Western District of Texas on April 8, 2020 (Case No. 6-20-cv-00281); F5 Networks, Inc. ("F5") in the Northern District of California on April 13, 2020 (Case No. 3-20-cv-02521); Solarwinds, Corp. in the Western District of Texas on April 28, 2020 (Case No. 6:20-cv-00338); and NetApp, Inc. in the Western District of Texas on May 7, 2020 (6-20-cv-00369). SonicWall Inc. filed a declaratory judgment action against Proven on July 2, 2020 (1:20-cv-00715) in the Western District of Texas. In total, there are ten cases against Proven involving overlapping patents: two in the Northern District of California, two in the Eastern District of Texas, and six in the Western District of Texas.

B.     **Proven Networks Is in California.**

Plaintiff Proven is an entity formed in 2019, and all its members are attorneys at the law firm Russ August & Kabat—four of whom are the attorneys who listed as counsel in the Amended Complaint. Ex. 1; *see also* Dkt. 5 at 8. More specifically, Proven was originally

organized as RAK Investments III ("RAK Investments") by Larry C. Russ in the State of California on October 24, 2019.  Ex. 2 at 1.  In its Statement of Information, filed December 13, 2019, RAK Investments lists seven additional managers or members, including Jules Kabat, Matthew Rips, Marc Fenster, Reza Mirzaie, Benjamin Wang, Irene Lee, and Brian Ledahl.  Ex. 3 at 2.  Each of the RAK Investments managers and members (including Mr. Russ) list 12424 Wilshire Blvd, 12th Floor, Los Angeles CA 900025 as their address.  *Id.*  On January 24, 2020 RAK Investments amended its Articles of Organization to change its name to Proven Networks, LLC.  Ex. 4 at 1.  The Russ August & Kabat law firm is also located at 12424 Wilshire Blvd in Los Angeles.  The Amended Complaint does not describe any connection between Proven and the State of Texas.  *See* Dkt. 5 at 3.

### C. Cisco Is in California, Where the Accused Technologies Were Developed.

Cisco is the world leader in networking technology for the Internet, with over 70,000 employees in more than 274 offices in 96 locations around the world.  Ex. 5.  Cisco is incorporated in the State of California, and its Corporate Headquarters is located at 170 West Tasman Dr. in San Jose, California.  Ex. 6 at 2; Nandy Dec. ¶ 1.  While Cisco has a satellite office in Richardson, Texas—which appears to be Proven's basis for suing Cisco in this district (Dkt. 5 at 3–4)—none of the accused products or technologies were developed there (or anywhere in Texas), none of the relevant witnesses work in Texas, and no relevant sources of proof are located in Texas.[1]  To be clear, Cisco has not identified anyone in its Richardson, Texas office who developed the accused technologies, or who currently works on the accused

---

[1] Cisco does have servers located in its Richardson Texas facilities, but the documents on these servers can be accessed from anywhere, and the documents' storage on physical servers in Texas is irrelevant.  A facility in the District that has nothing to do with the case is not relevant to deciding a Motion to Transfer under §1404(a), even though it may be relevant to whether venue is proper under §1400.  *See* Order at 1-2, *Godo Kaisha IP Bridge 1 v. Intel Corp.*, Case No. 2:17-cv-00676-RWS (E.D. Tex. Sept. 28, 2018), ECF No. 157.

functionality of the accused IOS operating system or VDS-IS Software. Nandy Decl. ¶ 4; Abe Decl. ¶ 4.

*Cisco's IOS Accused Products.* The technologies accused of infringing the '024 patent in the IOS Operating System, including Cisco's Deep Packet Inspection features such as NBAR, were developed long before the filing of the '024 patent in San Jose, California. Dkt. 5-04 at 1, 6; Ott Decl. ¶¶ 1, 2, 3. Cisco later moved the development of that technology to a team in Bangalore India. Ott Decl. ¶¶ 4, 5. In 2011-2012, Amit Nandy managed the NBAR team in Bangalore. Nandy Decl. ¶ 2. Mr. Nandy subsequently transferred to Cisco's headquarters in San Jose, California, and he is based there today. Nandy Decl. ¶ 2. In 2013, Cisco relocated the technology to Israel, where it is currently managed. Nandy Decl. ¶ 3. Cisco expects that Mr. Nandy will be the key witness within the United States with relevant knowledge about the development of Cisco's deep packet inspection for the '024 patent. Additional witnesses for these technologies are believed to be based in Israel and Scotland.

*Cisco's (former) Videoscape Accused Products.* Proven accuses the Videoscape Distribution Suite Internet Streamer (VDS-IS) and Content Delivery Engines, such as the CDE 250, CDE 220 and CDE 205 running VDS-IS, of infringing the '454 patent. A Cisco team in San Jose originally managed the development of the VDS-IS software. Dkt. 5-02 at 1; Abe Decl. ¶ 2. Cisco eventually relocated this technology to Bangalore, India, where it remained until Cisco divested this business to Synamedia Ltd. ("Synamedia") in 2018. Abe Decl. ¶ 3-4; Ex. 7. After this divestiture, very few employees who worked on these products remain at Cisco, and none are now—or ever were—located in Richardson, Texas. Abe Decl. ¶¶ 2, 4. For example, David Abe was the engineering lead for the VDS-IS team from 2008 until 2013, and he is now based in Cisco's Boxborough, Massachusetts office. Abe Decl. ¶¶ 1, 2. While Cisco's

knowledge of these former products may be limited, Cisco currently expects that Mr. Abe will be a relevant witness for the '454 accused products.  Synamedia is headquartered in London, England; it has an office in Costa Mesa, California, but has no offices in Texas.  Ex. 8 at 6;  Ex. 9 at 3.

Other witnesses likely to testify about Cisco's past revenues and marketing related to the accused products, including Mr. Dylan Cannon, are also located in Cisco's headquarters in San Jose, California.

### D. Third Party Witnesses Are in California, Not Texas.

Cisco's initial analysis of the prior art for the '024 and '454 patents has revealed numerous relevant inventors and authors who are believed to be located in Northern California.  Dkt. 14 at 9-10.  Some of these authors and inventors are former Cisco employees.  For example, based on Proven's infringement allegations for the '024 patent contained in its claim charts attached as exhibits to the Complaint (Dkt. 5-04), Cisco has identified an RFC from the Internet Engineering Task Force ("IETF") that is prior art to the '024 Patent:  RFC 2890.  Dkt. 14 at 9-10; Ex. 10.  This reference lists former Cisco employee G. Dommety as the author.  Ex. 10 at 1.  Based on Cisco's investigation, Mr. Dommety appears to reside in Northern California.  Ex. 11 at 1.  Similarly, based on Proven's assertions against Cisco's NetFlow feature (Dkt. 5-04 at 1-5), a Cisco patent describing that feature is also prior art: U.S. 6,243,667.  Ex. 12.  The authors, Darren Kerr and Barry Bruins are no longer employed by Cisco, but they are believed to reside in Northern California.  *Id*; Ex. 13 at 1; Ex. 14 at 1.  Cisco has also identified another former employee, Dan Li, who developed Cisco prior art relevant to the '454 patent, and Ms. Li is believed to be located in Northern California.  Ex. 36 at 1.

Multiple other prior art authors that Cisco has identified in response to Proven's assertions in its claim chart for the '024 patent are also based in Northern California, within the

subpoena power of the Northern District.  Dkt. 14 at 9-10.  For example, Randy Katz, Scott Shenker, Ion Stoica, and Mel Tsai, who authored "COPS: Quality of Service vs. Any Service At All," are all believed to be in Northern California.  Ex. 15 at 1; Exs. 16-19.  The inventors of prior art patent application No. 2008/007705, Qing Li and Ronald Frederick, are also believed to be in Northern California. Exs. 20-22.

Additionally, based on Proven's infringement allegations for the '454 patent contained in its claim chart attached to the complaint (Dkt. 5-02) Cisco has identified "Dead-Block Predictions & Dead-Block Correlating Prefetchers" as prior art.  Dkt. 14 at 9.  Ex. 37.  One of the authors, Cem Fide, is believed to be located in Cupertino, California.  Ex. 23.  And for the prior-art reference "iCostale: Adaptive Cost Optimization for Storage Clouds," two of the authors, Sandip Agarwala and Divyesh Jadav are believed to be located in San Jose, California.  Exs. 24-26.  Furthermore, the inventors of US Patent Application No. 2012/0054447, Garret Swart and David Vengerov, are believed to reside in Palo Alto and San Jose, CA, respectively. Exs. 27-29.

Even the third-party witnesses that may testify at trial—such as the inventors of the asserted patents—are based in California, not Texas.  Dkt. 5-001 at 1; Dkt. 5-003 at 1.  For example, Krishna Puttaswamy, an inventor of the '454 patent is believed to be located in Mountain View, California.  Ex. 30 at 1.

### III.  LEGAL STANDARD

Section 1404(a) allows a district court to transfer any civil action to any other district or division where the action might have been brought for the convenience of the parties and witnesses and in the interest of justice.  *See* 28 U.S.C. § 1404(a).  To determine whether to grant a motion to transfer under Section 1404(a), the Court should balance the private convenience interests of the parties and the public interest in the fair and efficient administration of justice— *i.e.*, the "private" and "public" interest factors.  *See*, *e.g.*, *In re Volkswagen AG*, 371 F.3d 201,

203 (5th Cir. 2004); *In re Nintendo Co.,* 589 F.3d 1194, 1197 (Fed. Cir. 2009). In patent cases, the Federal Circuit applies the law of the appropriate regional circuit to venue issues. *See In re EMC Corp., Decho Corp. and Iomega Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012). Fifth Circuit law applies to the Court's determination of whether transfer is warranted.

"The first inquiry when analyzing a case's eligibility for 1404(a) transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.'" *Optimum Power Solutions LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 700 (E.D. Tex. 2011) (citations omitted). "Once that threshold inquiry is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case." *Id.*

> The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Id.*

> The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* "The plaintiff's choice of venue is not a factor in this analysis." *Id.* "Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is 'clearly more convenient' than the transferor venue*.*" *Id.* (quoting *In re Volkswagen of Am.*, *Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).

IV.     ARGUMENT

    A.     **Convenience of the Parties and Witnesses and the Interests of Justice Compel**

### Transfer of This Case to the Northern District of California.

#### 1. Proven Could Have Filed This Case in the Northern District of California.

The threshold inquiry under § 1404(a) is satisfied here because Proven could have brought its claims against Cisco in the Northern District of California. Personal jurisdiction, subject matter jurisdiction, and venue are all proper in that district. Cisco is subject to personal jurisdiction in the Northern District of California because it is incorporated in California, headquartered in San Jose, and has substantial contacts with the district, including contacts that are directly related to this action. As mentioned above, the engineering team leader for the accused NBAR technology is based in San Jose, California. Subject matter jurisdiction also exists because Proven asserts its claims under federal patent law; pursuant to 28 U.S.C. § 1331, all federal courts, including the Northern District of California, have federal question jurisdiction over such claims. Because this action could have been brought in the Northern District of California, the transfer analysis turns on weighing the private and public interest factors.

#### 2. The Private-Interest Factors Heavily Favor Transfer to the Northern District of California.

##### a. The sources of proof are in California.

As the accused infringer, the bulk of the alleged evidence will likely come from Cisco. *See Nintendo*, 589 F.3d at 1199; *Godo Kaisha IP Bridge 1 v. Xilinx, Inc.*, No. 2:17-CV-00100-JRG-RSP, 2017 WL 4076052, at *3 (E.D. Tex. Sept. 14, 2017) (location of a party's headquarters in the transferee venue favors transfer as that is where a bulk of the discovery is presumably located). That evidence is almost 2,000 miles away from the forum, in San Jose, California, where the accused technology was developed. The relevant witness for the '024 Accused Products and Cisco prior art in the United States, Mr. Nandy, is also located in San Jose, California. *See supra*, Section II.C. Additionally, any witness who might testify about

Cisco's revenues or other damages related information are located in San Jose, California.  *See supra*, Section II.C.  By contrast, Cisco is not aware of any relevant evidence or witnesses in this District, and any documentary evidence can be accessed from any location.[2]

Proven is also based in California.  *See, supra,* Section II.B.  All members of Proven are located in Los Angeles, and there is no evidence whatsoever that Proven has any connection to the Eastern District of Texas.  *Id.*

Finally, as discussed in greater detail below (*see* Sections IV.A.2.b. and IV.A.2.c), numerous third-party witnesses, including former Cisco employees and at least one inventor of the asserted patents, are located in the Northern District of California.  *See, supra*, Section II.D.  The vast majority of evidence in this case is located in California, so this factor weighs strongly in favor of transfer.  *See In re TS Tech. USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (transferring the case due to "the vast majority of identified witnesses, evidence, and events leading to this case involv[ing]" the transferee venue); *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *4 (E.D. Tex. Sept. 30, 2010) (transferring case where "majority of [defendants'] U.S. documents appear to be closer to the [transferee venue] than the Eastern District of Texas").

        **b.**        **No compulsory process exists over relevant third-party witnesses in this District.**

Because the key third party witnesses with knowledge of the Cisco accused products and significant prior art relative to the patents-in-suit are in the Northern District of California, this second private interest factor also weighs heavily in favor of transfer.  Former employees of Cisco may be important third-party prior art witnesses.  *Network-1 Sec. Solutions, Inc. v. D-Link*

---

[2] Cisco has also identified relevant witnesses for the '024 patent in Scotland and Israel, but their relevant knowledge is likely cumulative of Mr. Nandy's.

*Corp.,* 433 F. Supp. 2d 795, 803 (E.D. Tex. 2006) ("Of immense importance … are witnesses with personal knowledge of relevant prior art [because they] have the possible power of proving the plaintiff's patent invalid."). In sum, *eighteen* inventors of prior art patents, patent applications, and authors of prior art publications, including former Cisco employees, are located within the subpoena power of the Northern District of California, but not within the reach of this District. *See supra*, Section II.D. Additionally, at least one inventor of the asserted '454 patent is believed to be located in Northern California. Ex. 30. The remaining inventors of the asserted patents, are believed to be located in Abu Dhabi, New Jersey, and Virginia. Dkt. 5-001 at 1; Dkt. 5-003 at 1; Exs. 32-35. Since either court would lack subpoena power over these witnesses, their relevance to this factor is neutral. "The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

### c. Costs and burdens for willing witnesses are significantly less in California than this District.

Litigating this case in California will decisively reduce the costs and burdens to willing witnesses of both parties. "The convenience of the witnesses is probably the single most important factor in transfer analysis." *Genentech,* 566 F.3d at 1343 (emphasis added). "Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Volkswagen,* 545 F.3d at 317; *Deep Green Wireless LLC. v. Ooma, Inc.*, No. 2:16-CV-0604-JRG-RSP, 2017 WL 679643, at *4 (E.D. Tex. Feb. 21, 2017) (similar). Because the distance between the venues is "more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen,* 545 F.3d at 317.

Cisco is not aware of any potential witnesses for Cisco or Proven in or near Texas. Conversely, the overwhelming majority of witnesses likely to provide documents, testimony, and other evidence in the United States are located in the Northern District of California, including Cisco employees and third parties such as prior art authors and inventors. *See, supra,* Section II.; *see also Promote Innovation LLC v. Ortho-McNeil Pharm., LLC,* No. 2:10-cv-109-TJW, 2011 WL 13224919, at *5 (E.D. Tex. Jan. 12, 2011) (finding this factor in favor of transfer where more witnesses would be inconvenienced by traveling to the Eastern District of Texas than to the transferee venue.). Northern California is about 1,800 miles from Marshall, Texas, and this distance would work a significant hardship on Cisco's witnesses located in California. *See In re TS Tech*, 551 F.3d at 1320 (quoting *In re Volkswagen*, 371 F.3d at 205) ("It goes without saying that '[a]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'"). Thus, applying the 100-mile rule weighs heavily in favor of transfer.

California is also more convenient for Proven, as the Northern District is only a short one-hour flight from Los Angeles.

In considering the convenience of all potential witnesses and the cost of attendance for such witnesses at trial, the third private interest factor weighs in favor of transfer.

### d.     Other practical concerns favor transfer to California.

With no witnesses for either side located in or near Marshall, Texas, another factor the court may consider is judicial efficiency. Proven has ten cases involving overlapping patents across three venues: two (including this case) in the Eastern District of Texas, two in the Northern District of California, and six in the Western District of Texas.

The only other case that Proven filed in Eastern Texas is against HPE, but this should not

override the convenience factors favoring transfer, especially since HPE has also filed a motion to transfer venue to the Northern District of California.  Motion to Transfer, *Proven Networks, LLC v. Hewlett Packard Enter. Co.*, No. 20-cv-00096-JRG (E.D. Tex. June 30, 2020), ECF No. 24;  *Oyster Optics, LLC v. Coriant Am. Inc.*, No. 2:16-CV-1302, 2017 WL 4225202, at *7 (E.D. Tex. Sept. 22, 2017) (recognizing that co-pending cases may factor into the judicial economy analysis so long as a motion to transfer has not been filed in the co-pending case."); *In re Zimmer Holdings, Inc.*, 609 F. 3d 1378, 1382 (Fed. Cir. 2010), (the existence of another suit in the forum does not "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor.").

In fact, that there are co-pending cases in the Northern District of California actually favors transfer here.  *See Am. Traffic Sols., Inc. v. B&W Sensors LLC*, No. 1:12-CV-504, 2013 WL 12138770, at *5 (E.D. Tex. Jan. 14, 2013) (granting transfer as it "would allow both cases to be consolidated and prosecuted together" and "help consolidate judicial resources by obviating the need for extensive motion practice").  Allowing the Cisco (and possibly HPE) cases to continue in the same district as Extreme and F5 would save judicial resources in Texas and allow three (or four) defendants to consolidate in California for purposes of discovery.  Streamlined schedules for *Markman* and trial will avoid duplicative case timelines on overlapping patents, which could simplify issues relating to IPR institution.  These practical concerns about case schedules and judicial resources strongly favor transfer to the Northern District of California.

### 3. The Public-Interest Factors Favor Transfer to the Northern District of California.

#### a. California has a strong local interest in this case.

The Northern District of California's interest in this case is compelling.  Because the Accused Products were developed at Cisco's headquarters in California, and individuals who are

knowledgeable about those products and the prior art live and work there, this case "calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009); *see also E-Sys. Design, Inc. v. Mentor Graphics Corp.*, No. 4:17-CV-00682, 2018 WL 2463795, at *6 (E.D. Tex. June 1, 2018) ("[T]he public interest is greater in the [transferee venue] where [Defendant] is headquartered and where nearly 1,000 of its employees reside."); *See Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012) (finding local interest factor weighs in favor of transfer when defendants are headquartered, develop the accused products, and employ a large number of people in the transferee venue). By contrast, "[n]o parties, witnesses, or evidence have any material connection to the venue chosen by the plaintiff." *Nintendo*, 589 F.3d at 1198; *see also Creswell Holdings LLC v. Lenovo (U.S.) Inc.*, No. 4:15-CV-407, 2016 WL 615652, at *3 (E.D. Tex. Feb. 16, 2016) ("[T]he Eastern District of Texas has a less significant connection to this litigation as the [transferee venue] is home to at least a few likely relevant witnesses, Defendant's headquarters, and over two-thousand employees."). Moreover, sales of the Accused Products throughout the United States, including this District, do not establish "a meaningful connection to the case …." *Nintendo*, 589 F.3d at 1198.

"The Supreme Court has determined that '[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'" *In re Volkswagen*, 371 F.3d at 206 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). As stated above, there are no apparent sources of proof in Texas relating to Proven's claims against Cisco and this case is not otherwise connected to Texas. Thus, requiring people of the Eastern District of Texas to serve as jurors in this matter would be unduly burdensome to them.

The Northern District of California clearly has an interest in the matter and the Eastern District of Texas does not. Therefore, this second public interest factor militates in favor of transfer. *See In re Hoffmann-La Roche Inc.*, 587 F.3d at 1338 (internal citations omitted) ("[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor.").

### b. The remaining public interest factors are neutral.

The first, third, and fourth public interest factors, "Administrative Issues Related to Congestion," the "Court's Familiarity with the Controlling Law" and the "Potential Conflict of Law Issues," are neutral. *Cf.*, *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, No. 2:09-cv-200-TJW, 2011 WL 2937365, at *3-4 (E.D. Tex. July 19, 2011) (order granting motion to transfer venue). For the first factor, "the administrative difficulties flowing from court congestion . . .," this Court has previously held that "[g]iven the speculative nature of this factor, the Court finds it to be neutral." *Id.* at *3. The third public interest factor is "the familiarity of the forum with the law that will govern the case," and this Court has previously held that district courts are "equally capable of applying patent law to infringement claims." *Id.* at *4 (internal quotation marks and citations omitted). The fourth factor, the avoidance of unnecessary problems of conflicts of laws, is "also neutral because no conflict of laws issues are anticipated . . ." *Id.* at *4.

The large majority of the relevant factors in the analysis strongly favor transfer and the remaining factors are neutral. No factor weighs against transfer. Thus, the Northern District of California is "clearly more convenient" and transfer is warranted under 28 U.S.C. § 1404(a). *See Rembrandt,* 2011 WL 2937365, at *4 (ordering a case transferred to a "clearly more convenient" forum since "the relative ease of access to sources of proof and the availability of compulsory process to secure the attendance of witnesses weight [sic] slightly in favor of transfer, and the

cost of attendance for willing witnesses and local interest weigh in favor of transfer" and since "[n]o factors weigh against transfer and all other factors are neutral").

## V.     CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court transfer the claims against it to the Northern District of California for the convenience of the parties and to promote the interests of justice.

Dated:  July 20, 2020                                              Respectfully submitted,

*/s/ Sarah E. Piepmeier, with permission by Michael E. Jones*

Michael E. Jones
SBN: 10929400
POTTER MINTON
110 North College, Suite 500
Tyler, TX 75702
mikejones@potterminton.com
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Sarah E. Piepmeier
Elise S. Edlin (pro hac vice pending)
PERKINS COIE LLP
505 Howard Street
San Francisco, CA  94104
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on July 11, 2020 via telephone conference with the following participants:  Cisco counsel, including Elise Edin, Mike Jones and Sarah Piepmeier and counsel for Proven, including Paul Kroeger. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/     *Michael E. Jones*