# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **Proven Networks, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | NO. 2:20-cv-00074-JRG |
| | § | |
| **Cisco Systems, Inc.,** | § | |
| | § | |
| **Defendant.** | § | |

**CISCO SYSTEMS INC'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER**

-i-

## TABLE OF CONTENTS

        **Page**

I.    INTRODUCTION ............................................................................................................. 1

II.   ARGUMENT .................................................................................................................... 1

      A.    Private Interest Factors ......................................................................................... 1

      B.    Public Interest Factors........................................................................................... 5

III.  CONCLUSION................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*EON Corp IP Holdings LLC v. Sensus USA Inc.*,
    No. 2:10-cv-448-DF (Jan. 9 2012), ECF No. 277 ...................................................................2

*Godo Kaisha IP Bridge 1 v. Intel Corp.*,
    No. 2:17-cv-00676-RWS (E.D. Tex. Sept. 28, 2018), ECF No. 157..........................................1

*In re Adobe Inc.*,
    No. 2020-126, 2020 WL 4308164 (Fed. Cir. July 28, 2020).............................................1, 2, 5

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014)..................................................................................................3

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)..................................................................................................5

*Microlog Corp. v. Cisco Sys., Inc.*,
    No. 6:11-cv-489-LED (E.D. Tex. Jan 31, 2013), ECF No. 214 .................................................2

*Net Navigation Sys., LLC v. Cisco Sys., Inc.*,
    No. 4:11-cv-660 (E.D. Tex. Aug 24, 2012), ECF No. 97...........................................................3

*Oyster Optics, LLC v. Cisco Sys., Inc.*,
    No. 2:16-cv-01301-JRG (E.D. Tex. Dec. 8, 2017), ECF No. 45............................................1, 2

*Proven Networks, LLC v. Hewlett Packard Enter. Co.*,
    No. 2:20-cv-00095-JRG (E.D. Tex. June 30, 2020), ECF No. 24 ..............................................3

*Proven Networks LLC v. Hewlett Packard Enter. Co.*,
    No. 6:20-cv-00632-ADA (W.D. Tex. July 14, 2020), ECF No. 1.........................................3, 5

*SSL Servs., LLC v. Cisco Sys., Inc.*,
    No. 2:15-cv-00433-JRG-RSP (E.D. Tex. Feb. 24, 2016) (Payne, J.), ECF No.
    87................................................................................................................................................3

*Tivo Inc. v. Cisco Sys., Inc.*,
    No. 2:12-cv-311-JRG (E.D. Tex. Aug. 13, 2012), ECF No. 27 .................................................3

*Uniloc 2017 LLC v. Cisco Sys., Inc.*,
    No. 2:18-cv-00505-JRG (E.D. Tex. Sept. 16, 2019) (Gilstrap, J.), ECF No. 60 .......................2

*WiAV Networks, LLC v. 3COM Corp.*,
    No. 5:09-cv-101-DF (E.D. Tex. July 15, 2010), ECF No. 415 ..................................................2

## I.     INTRODUCTION

The simple facts are these: Cisco has identified multiple relevant witnesses in Northern California; no one has identified a single relevant witness in Texas; the accused products were developed in San Jose and have no touch-points to Texas; and Northern California is more convenient for both parties.  These facts are made all the more compelling in light of the Federal Circuit's recent guidance on § 1404 motions, which granted transfer on almost identical facts.  *See In re Adobe Inc.*, No. 2020-126, 2020 WL 4308164, at *3 (Fed. Cir. July 28, 2020).

Grasping for an anchor to the Eastern District, Proven relies on inventors of an *unasserted patent*, which is not only irrelevant, but ignores that one inventor of the two asserted patents is in Northern California, and none are in Texas.  Proven then points to a few Cisco employees residing in Texas, but fails to demonstrate their relevance to this case.

Because Proven has identified no relevant witnesses in Texas; numerous Cisco, Proven, and third-party witnesses are in Northern California; and each of the public interest factors weighs in Cisco's favor, this case should be transferred to the Northern District of California.

## II.    ARGUMENT

### A.    Private Interest Factors

*Sources of Proof.*  Proven argues that the only relevant datapoint is Cisco documents in a Richardson, Texas datacenter.  Opp'n at 4.  But the physical location of Cisco's servers in Texas should not outweigh the location of documents from the numerous third-party witnesses Cisco identified.  *See also* Order at 1-2, *Godo Kaisha IP Bridge 1 v. Intel Corp.,* No. 2:17-cv-00676-RWS (E.D. Tex. Sept. 28, 2018), ECF No. 157 (granting transfer for convenience despite physical location in venue that prevented transfer under Section 1400).  And this Court has recognized that third-party documents should not be ignored.  Order at 6, *Oyster Optics, LLC v. Cisco Sys., Inc.,* No. 2:16-cv-01301-JRG (E.D. Tex. Dec. 8, 2017), ECF No. 45.  In *Oyster*, the

court discounted the documents because their relevance was speculative, but here Cisco has named specific individuals in the Northern District, such as an inventor of the '454 patent, who will likely have documents needed for trial.  *Id.* at 6-7.  Furthermore, unlike *Oyster Optics*, Proven is based in California, not Texas.  *Id.* at 2.

Moreover, Cisco's Richardson facility has not prevented courts in this district from transferring previous Cisco cases out of Eastern Texas based on convenience.  Order, *Microlog Corp. v. Cisco Sys., Inc.*, No. 6:11-cv-489-LED (E.D. Tex. Jan 31, 2013), ECF No. 214 (granting transfer to Massachusetts); Order, *WiAV Networks, LLC v. 3COM Corp.*, No. 5:09-cv-101-DF (E.D. Tex. July 15, 2010), ECF No. 415 (granting transfer of Cisco's case to Northern California); Order, *EON Corp IP Holdings LLC v. Sensus USA Inc.*, No. 2:10-cv-448-DF (Jan. 9 2012), ECF No. 277 (same).  The recent *In re Adobe* Federal Circuit decision also mandated transfer on similar facts.  *See In re Adobe,* 2020 WL 4308164, at *2 (compulsory process and sources of proof tipped "'significantly in' favor of" transfer when Defendant headquartered in California, inventors of asserted patents in California, and no relevant witnesses identified in Texas; willing witness favored transfer when Defendant identified employees in California, but Plaintiff located in neither venue).

Proven relies on four cases—two of which did not seek transfer to the Northern District of California—to assert that "courts of this District routinely recognize that the Northern District of California is not a clearly more convenient forum for disputes involving Cisco."  Opp'n at 4-5.  But these cases retained venue in Texas based on specific facts that are not at issue here, and the Richardson facility on which Proven relies so heavily here was not the deciding factor.  For example, in *Uniloc*, the transfer analysis centered on a forum selection clause in a license agreement, which is irrelevant here.  Dkt 30-3 (*Uniloc 2017 LLC v. Cisco Sys., Inc.*, No. 2:18-cv-

00505-JRG, at 2 (E.D. Tex. Sept. 16, 2019) (Gilstrap, J.), ECF No. 60). In *NetNav* and *Tivo*, judicial efficiency weighed against transfer due to other pending related cases in the district. Here, by contrast, transfer would leave no pending cases in Eastern Texas and would decrease the total number of districts addressing these patents.[1] Dkt. 30-4 (*Net Navigation Sys., LLC v. Cisco Sys., Inc.*, No. 4:11-cv-660, at 9 (E.D. Tex. Aug 24, 2012), ECF No. 97); Dkt. 30-5 (*Tivo Inc. v. Cisco Sys., Inc.*, No. 2:12-cv-311-JRG, at 2 (E.D. Tex. Aug. 13, 2012) (Gilstrap J.), ECF No. 27). Finally, the *SSL* Court had invested multiple years overseeing litigation on the same patents—these patents have never been litigated. Dkt. 30-6 (*SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-cv-00433-JRG-RSP, at 10 (E.D. Tex. Feb. 24, 2016) (Payne, J.), ECF No. 87).

*Willing Witnesses.* Proven's assertion that "Cisco has improperly cherry-picked employees from only its Northern District of California offices in order to sway the transfer analysis" is unsupported and wrong. Cisco performed a reasonable and detailed investigation to identify individuals in the United States who worked on these technologies, which revealed no relevant employees in Texas. Those whom Cisco identified are among the very few remaining US Cisco employees who developed the asserted technologies. While there may be additional witnesses in other parts of the US, Israel, or Scotland, none are in Texas, and so they do not impact the analysis. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums.). Similarly, the three Texas Cisco

---

[1] After HPE filed its Motion to Dismiss or Transfer, Proven dismissed its Eastern District case and refiled it in the Western District. Motion to Transfer, *Proven Networks, LLC v. Hewlett Packard Enter. Co.*, No. 2:20-cv-00095-JRG (E.D. Tex. June 30, 2020), ECF No. 24; Notice of Vol. Dismissal, *id.*, (E.D. Tex. July 14, 2020), ECF No. 28; Complaint, *Proven Networks LLC v. Hewlett Packard Enter. Co.*, No. 6:20-cv-00632-ADA (W.D. Tex. July 14, 2020), ECF No. 1.

employees Proven identifies are irrelevant because they have no connection to the accused technologies. Ahuja Dec'l. at ¶¶ 1-3, Davison Dec'l. at ¶¶ 1-3, Junjarampalli Dec'l at ¶¶ 1-3.

**Subpoena Power.** Proven directs the Court to inventors of the '757 patent, *which it does not even assert against Cisco*,² sweeping aside the fact that Cisco has already identified eighteen relevant prior-art inventors in the Northern District of California by name, location, and relevance—including former Cisco employees who could reasonably possess knowledge of Cisco prior art products. Of the two patents Proven actually asserts (the '024 and '454 patents), one inventor is located in Northern California, and none are located in Texas. *See* Dkt. 29-34; *see also* Dkts. 29-39, 29-35, 29-36, 29-37; Dkts. 5-1, 5-3.³

Proven also locates former patent owner Alcatel-Lucent within this Court's subpoena power based on their Plano, TX presence. Opp'n at 8. But Nokia acquired Alcatel-Lucent, and this Texas location is counterbalanced by Nokia's strong presence in the Northern District of California, including for groups Nokia absorbed when it acquired Alcatel-Lucent. *See* Ex. 38 ; Ex. 39. In fact, various Nokia entities are listed as previous patent owners and/or owners of security interests in the asserted patents, including Nokia USA Inc., located in Sunnyvale, California. *See* Exs. 40-41. The Northern District has subpoena power over these prior owners. In short, the locations of potential third-party witnesses—including prior art inventors, the inventors of the two asserted patents, and prior owners and assignees of the asserted patents—heavily tilts this factor in favor of the Northern District of California.

**Other Practical Concerns.** Proven argues that these practical considerations weigh against transfer because it has asserted the same patents in the Western District of Texas, so

---

² Proven dismissed the '757 patent by filing its Amended Complaint against Cisco. *See* Dkt. 5.
³ The '024 Patent lists inventor Keith Allan's last known location as Kanata, Canada. Cisco has been unable to locate him further based on public information.

transfer would allegedly not result in improvements in judicial efficiency.  This is nonsensical.  Transfer would *reduce* the overseeing courts from three to two, conserve the resources of this Court, and eliminate duplicative and potentially contradictory proceedings.  Moreover, Cisco and all parties in Proven's Western District of Texas cases involving these patents have moved to coordinate and consolidate all proceedings in the Northern District of California with the Judicial Panel of Multidistrict Litigation.  Motion to Transfer, *In re Proven Networks, LLC Patent Litig.*, No. MDL 2959 (J.P.M.L. July 21, 2020), ECF No. 1.  If that motion is granted, discovery will proceed on the Northern District's timeline, and transfer under § 1404(a) would allow that Court to see the case through trial and eliminate the need to return to Texas.

        **B.**      **Public Interest Factors**

Proven asserts that time to trial is shorter time in this district.  Opp'n at 10-11.  But the relevant issue is here docket congestion, and "[n]othing about the court's general ability to set a schedule directly speaks to that issue." *In re Adobe,* 2020 WL 4308164, at *3.  Moreover, as discussed above, if this case is consolidated for discovery, the time to trial will be the same in both venues.  This factor does not weigh against transfer.  Finally, Proven asserts that Cisco sales in Texas neutralizes California's interest in overseeing the proceedings.  But courts have recognized that when sales are dispersed across the entire nation, as here, the alleged injury does not create a substantial local interest anywhere. *In re TS Tech USA Corp.,* 551 F.3d 1315, 1321 (Fed. Cir. 2008).  Thus, Cisco's sales do not swing the pendulum to Texas or negate California's significant interest in overseeing this case.

## III.    CONCLUSION

Cisco respectfully requests that the Court transfer this matter to the Northern District of California for the convenience of the parties and to promote the interests of justice.

Dated:  July 31, 2020          Respectfully submitted,

         */s/ Sarah E. Piepmeier, with permission by Michael E. Jones*
Michael E. Jones
SBN: 10929400
POTTER MINTON
110 North College, Suite 500
Tyler, TX 75702
mikejones@potterminton.com
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Sarah E. Piepmeier
Elise S. Edlin (*pro hac vice*)
PERKINS COIE LLP
505 Howard Street
San Francisco, CA  94104
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.